UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALPHONSO TARODD TANNER,
FDOC Inmate #X05549,
    Plaintiff,

vs.                                      Case No.:  3:21cv4644/MCR/ZCB

SGT. FRENCH, et al.,
    Defendants.
                              /

## **REPORT AND RECOMMENDATION**

Plaintiff Alphonso Tarodd Tanner is an inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.[1] After reviewing Plaintiff's amended complaint (Doc. 11), the Court recommends this case be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has held that a prisoner's complaint may be dismissed without prejudice as malicious and an abuse of process when a prisoner misrepresents his litigation

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

1

history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[2] Dismissal is appropriate, even if the prisoner claims a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 11 at 8-11). Question C asked whether Plaintiff had "filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of his confinement?" (*Id.* at 10). Plaintiff checked the box for "NO" and wrote "N/A" several times in the space provided for identifying such cases. (*Id.*). At the end of the complaint form, Plaintiff signed his name after the following

---

[2] A raft of Eleventh Circuit cases say the same thing. *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (concluding dismissal of prisoner's complaint as malicious for abuse of judicial process was warranted where prisoner failed to disclose a case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

certification: "I declare under penalty of perjury that the foregoing . . . is true and correct." (*Id*. at 11-12).

Plaintiff, therefore, certified that he had not filed any other lawsuit in federal court relating to the conditions of his confinement. That certification is false. According to Public Access to Court Electronic Records (PACER), Plaintiff commenced *Tanner v. Florida State Prison*, No. 3:19cv1293-MMH-MCR, on November 5, 2019, in the U.S. District Court for the Middle District of Florida. (3:19cv1293-MMH-MCR (M.D. Fla.), Doc. 1). How does the Court know that this Alphonso Tarodd Tanner and that Alphonso Tarodd Tanner are one and the same? The plaintiff in the Middle District case listed FDOC Inmate #X05549 on his initial pleading. (3:19cv1293-MMH-MCR, M.D. Fla., Doc. 1 at 1). Plaintiff listed the same inmate number on the complaint form in this case. (Doc. 11 at 1).

In the Middle District case, Plaintiff's initial pleading alleged correctional officers at Florida State Prison threatened him and tampered with his mail and property in retaliation for witnessing the beating of another inmate. (3:19cv1293-MMH-MCR, M.D. Fla., Doc. 1). Plaintiff requested transfer to another institution. (*Id.*). The Middle District denied Plaintiff's request for transfer and dismissed the case without prejudice to Plaintiff's refiling a new case using the court-approved civil rights complaint form. (3:19cv1293-MMH-MCR, M.D. Fla. Doc. 3). That

3

lawsuit was clearly a federal lawsuit "relating to the conditions of confinement." As such, Plaintiff should have identified it on the complaint form in the current case.[3]

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

---

[3] On the complaint form in the current case, Plaintiff disclosed a case he filed in 2013 when he was housed at Union Correctional Institution. (Doc. 11 at 9). Plaintiff described that case as concerning destruction of his legal work. (*Id.*). Plaintiff stated that the district court dismissed the case for failure to state a claim with leave to amend his complaint. (*Id.*). Plaintiff's description corresponds with *Tanner v. Wood, et al.*, Case No. 3:12cv1268-MMH-MCR. Plaintiff commenced that case in the Middle District on November 12, 2012, when he was housed at Union C.I. (3:12cv1268-MMH-MCR, M.D. Fla., Doc. 1). Plaintiff's complaint concerned loss and destruction of his legal documents and personal property. (*Id.*). The Middle District dismissed the case as frivolous but granted Plaintiff's motion to amend to permit him to refile his claims in a new lawsuit. (3:12cv1268-MMH-MCR, M.D. Fla., Docs. 6, 9). This description could not be reasonably interpreted as describing Case No. 3:19cv1293-MMH/MCR—the case Plaintiff failed to disclose on his complaint form in the current matter.

4

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. The Court will not tolerate false statements in any pleading or motion. The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed.

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 11 at 11). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[4]

Accordingly, it respectfully **RECOMMENDED**:

1.    That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 22nd day of June 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**