UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALPHONSO TARODD TANNER,

    Plaintiff,

v.                                  Case No.:  3:21cv4644/MCR/ZCB

SGT. FRENCH, et al.,

    Defendants.
_____/

## ORDER

The magistrate judge issued a Report and Recommendation on June 22, 2022. ECF No. 16. The Court furnished the plaintiff a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). No timely objection has been filed.

Having considered the Report and Recommendation, and the record, the Court has determined the Report and Recommendation should be adopted, and therefore the motion to amend is denied as moot. The Report and Recommendation correctly noted that amendment would be an inadequate sanction. *See* ECF No. 16 at 5 n.4. Nonetheless, Plaintiff filed a Motion to Submit Attached Amended Supplemental Complaint, ECF No. 17, instead of an objection, asserting he did not have access to his property or the library in an attempt to excuse his failure to disclose all of his

1

previous cases. The Eleventh Circuit has rejected similar excuses for the failure to disclose all previous cases. *See Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal without prejudice for a prisoner's abuse of judicial process where the plaintiff failed to disclose four previous civil actions, and explaining that even without access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming dismissal as a sanction for providing false statements about prior lawsuits in answer to unambiguous questions on a complaint form, after concluding that, even though the inmate had conceded the incomplete disclosure in objections to the report and recommendation, allowing the suit to continue would overlook his abuse of judicial process). Thus, the argument is unavailing.

In his request to amend the complaint, Plaintiff also asserts he is in imminent danger at his current institution, Jackson Correctional Institution. Plaintiff alleges certain prison officials at Jackson C.I. threaten him daily and have beaten him up twice in an attempt to prevent him from pursuing this lawsuit. While imminent danger is listed as an exception to the three strikes provision, 28 U.S.C. § 1915(g), it is not a basis for avoiding dismissal for a malicious filing under § 1915(2)(B)(i). Further, to fall within the imminent danger exception, the allegations of the

*complaint* must demonstrate the plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). Plaintiff's complaint in this case, and the proposed amended complaint, concern events that occurred two years ago at one of Plaintiff's former institutions (Santa Rosa Correctional Institution). None of the prison officials named as Defendants are involved in the current alleged threats and beatings at Plaintiff's current institution. Although Plaintiff attempts to connect them by alleging his present attackers are "friends" with one of the Defendants, this general assertion, "absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" is insufficient. *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021) (quoting *Brown*, 387 F.3d at 1349), *cert. denied*, 142 S. Ct. 2716 (2022). Leave to amend is denied.

    Plaintiff may pursue claims about his present circumstances at Jackson C.I. in a separate civil rights lawsuit. However, because Plaintiff's motion to amend in this suit asserts he is in imminent danger, the Clerk of the Court is directed to transmit immediately, via email and/or facsimile, a copy of Plaintiff's motion, ECF No. 17, and this order to Warden Scott May at Jackson C.I. This action is merely a notification to the appropriate official and not a determination of the veracity or merits of Plaintiff's assertions.

Accordingly, it is **ORDERED**:

1. The magistrate judge's Report and Recommendation, ECF No. 16, is adopted and incorporated by reference in this order, and Plaintiff's Request to Submit attached Amended/Supplemental Complaint, ECF No. 17, is therefore **MOOT** and alternatively **DENIED**.

2. This case is **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

3. The Clerk of Court is directed to enter judgment in accordance with this order and close the case.

4. The Clerk is also directed to transmit **immediately**, via email and/or facsimile, a copy of Plaintiff's motion, ECF No. 17, and this order to Warden Scott May at the Jackson Correctional Institution.

**DONE AND ORDERED** this 28th day of July 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**